FILED

**IN THE UNITED STATES DISTRICT COURT** 2016 AUG -8  PM 12: 09
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

J.V., a minor, by K.V.,
his next friend, parent, and
natural guardian,

          **Plaintiff,**

vs.                      **Case No.:** 3:16 CV 1009-J- 34 MCR

                                   **JURY TRIAL DEMANDED AND**
                                 **INJUNCTIVE RELIEF REQUESTED**

DUVAL COUNTY SCHOOL BOARD;
DUVAL COUNTY SCHOOL DISTRICT;
CINDY ASHTON; STEPHANIE JONES;
and DURHAM SCHOOL SERVICES, L.P.,
a Delaware limited partnership,

          **Defendants.**

_____

## COMPLAINT

    **COMES NOW** Plaintiff, J.V., a minor, by K.V., his next friend, parent, and natural

guardian, by and through undersigned counsel, and for his complaint against Defendants,

Duval County School Board; Duval County School District; Cindy Ashton; Stephanie

Jones; and Durham School Services, L.P., states and alleges as follows:

### INTRODUCTION

    1.     The instant action is brought by J.V., a developmentally disabled minor,

against Defendants for their fostering of a culture of unaccountability directly resulting in

1

BATES LAW GROUP PLLC
2064 Park Street, Jacksonville, FL 32204
http://www.fltriallawyers.com

J.V.'s unconscionable abuse, restraint, and seclusion, as well as for discrimination based on his disability. Defendants sanctioned an environment where students without the ability to convey that harm was being done to them could be abused without recourse. As a result, J.V. experienced grievous physical and emotional injury and discrimination in violation of his civil rights by virtue of Defendants' policies, procedures, practices, and pattern of discrimination on the basis of disability in their school district, and by virtue of their pattern and practice of failing to protect J.V., and other protected class members, from abuse, restraint, seclusion, and other violations of civil rights. In addition, this action is brought by J.V. against Defendants for their failure to supervise and protect J.V. from unlawful abuse, seclusion and restraint by the School Entities teachers and/or employees.

**PARTIES**

2.      Plaintiff, J.V. (hereinafter "J.V." or "Plaintiff"), a minor, and his next friend, parent, and natural guardian, K.V., are residents and citizens of Duval County, State of Florida.

3.      At all times material hereto, J.V. was a 3-year-old minor child who has been diagnosed with developmental disabilities, including cerebral palsy.  As a result, he is a qualified individual with disabilities under the definitions of the Rehabilitation Act, 29 U.S.C. § 794, Section 504 and the Americans with Disabilities Act, Title II, 42 U.S.C. § 12131 et seq., and a member of a protected class under 42 U.S.C. § 1981, et seq.

2

BATES LAW GROUP PLLC
2064 Park Street, Jacksonville, FL 32204
http://www.fltriallawyers.com

3.      Defendant, Duval County School Board (the "School Board"), is a governmental agency, organized under the Laws of Florida, the governing body of the Duval County School District and responsible for the control, operation, organization, management, and administration of public schools in Duval County, Florida, which includes but is not limited to providing education to children both with and without disabilities who reside in Duval County, Florida.

4.      Defendant, Duval County School District (the "School District"), is a governmental entity, organized under the Laws of Florida, and is part of the state system of public education and includes all public school, classes, courses of instruction and all services and activities which are under the School District's officials' directions and directly related to education in the district.  (The School Board and School District shall sometimes be collectively referred to hereinafter as the "School Entities").

5.      The School Entities are recipients of federal financial assistance by virtue of their receipt of funds from the United States Department of Education.

6.      Love Grove Elementary School ("Love Grove") and Spring Park Elementary School ("Spring Park") are public schools located within Duval County, Florida and within the confines and jurisdiction of the School Entities.

7.      At all times material hereto, the School Entities were responsible for establishing policies and procedures governing the appropriate discipline, safety, and supervision of its students, including J.V., so as to protect said students from abuse,

3

improper and/or excessive restraint, and seclusion.

8.    At all times material hereto, the School Entities were responsible for establishing policies and procedures for Duval County Public Schools, including Love Grove and Spring Park, and were responsible for training and/or supervising its teachers and employees, including principals, assistant principals, teachers, teachers' aides, so as not to permit a policy custom or practice that caused said teachers and employees to violate the Constitutional and civil rights of its students, including J.V. The School Entities were further responsible for the training of its teachers and employees as to appropriate discipline, safety, compliance, and supervision of students enrolled in Duval County Public Schools, including Love Grove and Spring Park.

9.    Defendant, Cindy Ashton ("Ashton"), at all times material hereto, was a resident and citizen of Duval County, Florida, *sui juris*, and employed by the School Entities as an ESE paraprofessional.

10.   At all times material hereto, Ashton was a paraprofessional in an ESE classroom at Love Grove during the 2012-2013 school year, and, specifically, was a paraprofessional in J.V.'s class.

11.   Stephanie Jones ("Jones"), at all times material hereto, was a resident and citizen of Duval County, Florida, *sui juris*, and was employed by the School Entities as an ESE teacher.

12.   At all times material hereto, Jones was a teacher at Love Grove.

BATES LAW GROUP PLLC
2064 Park Street, Jacksonville, FL 32204
http://www.fltriallawyers.com

13.     Defendant, Durham School Services, L.P. ("Durham"), is a Delaware limited partnership and, at all times material hereto, was and is authorized to do business in Florida and provides transportation services for the School Entities (The School Entities, Ashton, Jones, and Durham shall sometimes be collectively referred to herein as "Defendants").

14.     Defendants had a duty to ensure that J.V.'s rights, pursuant to §393.13, Fla. Stat., were protected.

15.     At all times material hereto, Defendants occupied a special custodial relationship with J.V., as a result of his disabilities, with the attendant duties to provide him with a safe environment, free from abuse, restraint, and seclusion. Moreover, Defendants had an affirmative duty to supervise J.V. so as to protect him from abuse, improper and/or excessive restraint and seclusion.

### JURISDICTION AND VENUE

16.     This Court has original jurisdiction over the subject matter of Plaintiff's causes of action, pursuant to 28 U.S.C. § 1331, because they arise under the Rehabilitation Act, 29 U.S.C. § 794, Section 504, the Americans with Disabilities Act, Title II, 42 U.S.C. §12131 et seq., and 42 U.S.C. § 1983.

17.     Additionally, this Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

5

BATES LAW GROUP PLLC
2064 Park Street, Jacksonville, FL 32204
http://www.fltriallawyers.com

18.     The events giving rise to the claims alleged in the Complaint arose in Duval County, Florida which is within the confines of the Jacksonville Division of the Middle District of Florida.  28 U.S.C. §89(b).  Venue in this Court is therefore proper pursuant to 28 U.S.C. §1441(a).

19.     All conditions precedent to the bringing of this action by Plaintiff, if any, have occurred, or their performance have been waived by Defendants.

### GENERAL ALLEGATIONS

20.     Title II of the Americans with Disabilities Act is known as the "Prohibition Against Discrimination and Other Generally Applicable Provisions".  42 U.S.C. §12131 et. Seq.

21.     Section 504 of the Rehabilitation Act of 1973, provides that "[n]o otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility receiving "federal financial assistance." 29 U.S.C. §794.

22.     At all times material hereto, Defendants provided public accommodations, programs, and services within the meaning provided under applicable law.

23.     Defendants failed to provide a safe and effective public education to J.V., free from discrimination and abuse. In particular:

      a.  The School Entities, failed to establish policies and procedures for Duval County Public Schools, including the failure to

6

implement and/or follow students' health care plans and physicians' orders, and failed to train and/or supervise its teachers and employees, including principals, assistant principals, teachers, teachers' aides, so as to permit a policy custom or practice that caused said teachers and employees to violate the Constitutional and civil rights of this students, including J.V.;

b. The School Entities failed to train and/or supervise its teachers and employees as to appropriate discipline, safety, compliance, and supervision of students enrolled in Duval County Public Schools, including Love Grove and Spring;

c. The School Entities failed to properly train and/or supervise staff so as to protect J.V. from exposure to abuse and/or dangerous conditions in violation of his civil rights and Individualized Education Plan ("I.E.P.");

d. The School Entities, by virtue of their deliberate indifference, adopted a policy and pattern of practice of ignoring repeated incidents of abuse, restraint, and seclusion of disabled students in Duval County Public Schools which disproportionately

7

impacted and harmed its special-needs students, including J.V.; and

e.  The School Entities, by virtue of their deliberate indifference, permitted employees and other agents to engage in acts of abuse, restraint, and seclusion of special needs students, including specifically J.V., all in violation of his civil rights and I.E.P.

24.  At all times material hereto, Defendants owed J.V. a duty to provide adequate supervision and protection of his rights while entrusted with his care, including protecting her from abuse, restraint, and seclusion.

25.  Defendants breached that duty.

26.  At all times material hereto, in accordance with the duties set forth above, the School Entities were and are required to act in accordance with acceptable professional standards, best practices and judgment.

27.  At all times relevant hereto, Defendants, under color of state law, performed a public function to make available to exceptional, disabled, and/or handicapped children, such as J.V., a free and appropriate public education free from abuse, restraint, and seclusion.

28.  The School Entities had actual, express, or constructive knowledge of the unlawful abuse, excessive and/or inappropriate use of restraint, seclusion and/or dangerous conditions subjected upon its special needs students, including J.V.

8

29.    For the period of August 2011 through June 2012, the School Entities reported 628 instances of physical restraint on 217 students. 89% of these students were either students who have emotional behavioral disorders or students who have autism. The School Entities also reported 304 instances of seclusion on 120 students. 68% of those students were students who have emotional behavioral disorders and 15% were students who have autism.

30.    While the School Entities requires its trainers to be recertified by Professional Crisis Management Associates (PCM) once a year, it did not outline which staff it requires to be trained.

31.    For the period of 2008 through 2011, the School Entities were aware of numerous occasions where ESE students were harmed, mistreated, and/or abused by school staff, including but not limited to a student who was restrained by duct taping him to a chair, staff taunting students including but not limited to calling ESE students "dumb" and "stupid", and throwing objects at ESE students.

32.    In addition, from 2008 through 2011, the School Entities were aware that ESE staff members were routinely suspended without pay, terminated, or agreed to resign as a result of misconduct and/or unprofessional behavior.

33.    That despite knowing the problems of mistreatment of ESE students and the routine finding of misconduct and/or unprofessional behavior of ESE staff, the School

9

Entities approved a significant reduction of teaching and paraprofessional staff, including ESE staff in the 2011 – 2012 school year.

34.     The School Entities, by virtue of their deliberate indifference and/or gross misjudgment, adopted a policy practice and custom of ignoring the unlawful abuse of its special needs students, including J.V.

### SPECIFIC ALLEGATIONS

35.     J.V. is a student enrolled in the School Entities' exceptional student education (ESE) program beginning in August of 2012 when he was approximately three and a half (3 ½) years old.

36.     At all times material hereto, Defendants occupied a special custodial relationship with J.V. as a result of his disability, with the attendant duties to provide him with a safe and effective environment, free from abuse and discrimination. In addition and/or in the alternative, Defendants had an affirmative duty to protect J.V. from unlawful abuse and maintain a safe environment for J.V.

37.     J.V. is a student who has multiple disabilities. Specifically, J.V. has a neuromuscular disorder, cerebral palsy, attention deficient hyperactivity disorder (ADHD) and a seizure disorder. In addition, J.V. had gastroenterology conditions including a bowel disorder and stomach digestive disorder that requires specific treatment and medication.

BATES LAW GROUP PLLC
2064 Park Street, Jacksonville, FL 32204
http://www.fltriallawyers.com

38.     When he was first enrolled in school within the School Entities, J.V. was a happy child with the potential to do well in school with the right supportive services and environment.

### *LOVE GROVE*

39.     J.V. was initially enrolled in the pre-K program at Love Grove. While at Love Grove, J.V. was subjected to numerous acts of abuse and maltreatment.

40.     The class aide and/or teacher were not appropriately trained on how to use J.V.'s leg braces. As a result, they would repeatedly put his leg braces and orthopedic cast-style shoes on incorrectly, including putting them on the wrong feet. Despite numerous attempts by J.V.'s mother to communicate this problem and find a solution, the aides and teachers forced his feet into these cast-style shoes with the incorrect braces attached to the wrong legs, which forced his feet to become twisted for multiple hours causing bruising, red, raw areas, pressure sores and loss of skin to the point of bleeding. It clearly worsened his muscular condition in his legs and feet.

41.     Due to his stomach and digestive system disorders and asthma, J.V. requires medication throughout the school day. The medications he takes are managed and overseen by his treating physicians and, in fact, the required medical forms signed by his physician were provided to the school. Despite specific direction to the school regarding

11

BATES LAW GROUP PLLC
2064 Park Street, Jacksonville, FL 32204
http://www.fltriallawyers.com

the administration of his medications, the school nurse failed to properly administer his medications.

42.     During all times material hereto, numerous discrepancies between the reporting of administration and the school's medication log occurred.  In addition to the medication issue, the training for seizure precautions was also not provided.

43.     During all times material hereto, J.V. was willfully and inappropriately subjected to a "discipline box."

44.     Within J.V.'s classroom, the teacher and aides had a set of class behavior procedures, which included the use of a "thinking mat" where a student would sit to calm down if necessary.  However, the specific procedures that were set forth for the classroom were not used, rather, a "discipline box" was created out of unsafe and improperly stacked drywall material.

45.     Students, including J.V., were placed behind the drywall "discipline box", secluded from the rest of the class.  Given the height of the boards used for the "discipline box", students would clearly not be able to see out of the area and teachers and staff would not be able to see the student.  Students knew the "discipline box" as jail and that if they were sent to jail, it was a form of punishment.  The box was open and obvious in the classroom and teachers and staff routinely saw it, knew how it was used and referred to it as "jail".  A true and correct photographic depiction of the "discipline box" is attached hereto as **Exhibit A.**

12

46.     During all times material hereto, J.V. came home with unexplained bruises, including bruises on his neck, clothes completely changed, no undergarments on and shoes on the wrong feet.

47.     For instance, on February 5, 2013, J.V. came home from school with bruises on his neck, wearing no underwear and with his shoes and braces on the wrong feet. Following complaints about these abusive events, a district chief administrator visited J.V.'s classroom and observed behaviors of the paraprofessional (aide) that raised significant concerns. As a result, the paraprofessional was removed from the classroom and J.V. was subsequently transferred.

### *SPRING PARK*

48.     J.V. was transferred to Spring Park.  However, the problems continued. Similar to the experience at Love Grove, staff at Spring Park also ignored and/or refused to provide J.V. his medication as prescribed by his treating physician.  For example, staff didn't administer J.V.'s inhaler 20 minutes prior to exercise or play as required and failed to provide J.V. with thickened liquids per his doctor's instructions.

49.     The staff at Spring Park refused and/or failed to monitor J.V.'s bowel movements and food intake as required.

13

50.    The staff at Spring Park began to segregate J.V. from the other students at meal time and subject him to inappropriate isolation.  He was often forced to eat meals in school offices, not in the student lunchroom with the other students.

### *DURHAM*

51.    J.V. was once again transferred to another school (Southside Estates Elementary) and, as a result, he had to endure an hour-long bus ride to and from school every day.  J.V.'s mother never authorized or permitted the use of restraint other than a regular seat belt for J.V. on the school bus.  However, the bus driver decided to put J.V. in a 5-point physical restraint that caused a great deal of discomfort and further caused J.V. to have difficulty breathing due to his disabilities.   In addition, Durham staff routinely would ignore requirements to keep the bus cool with air conditioning and would keep the bus windows open which caused the bus to become hot and uncomfortable.  After the long bus ride to his after-school day care facility, J.V. would routinely arrive soiled, overheated and sweaty.  J.V.'s mother complained about the bus conditions at the school level, to Durham and to the district transportation department to no avail.

52.    Upon information and belief, there is bus video (Bus #493) that confirms that the 5-point restraint was in fact used on J.V. despite specific mandates not to use restraint without J.V.'s mother's permission or consent.

14

53. The aforementioned inappropriate and/or excessive restraint, seclusion, isolation and abuse of J.V. served no legitimate therapeutic purpose and was done as convenience and/or punishment for purported non-compliant behavior.

54. Abuse, restraint, isolation and seclusion are especially egregious when performed upon disabled minors who are unable to advocate for themselves.

55. J.V.'s mother never consented to J.V. being restrained, abused, or placed in seclusion, against his will.

56. That the abuse, improper and/or excessive restraint, isolation and seclusion which is the subject of this action was done while J.V. was in the exclusive custody and control of Defendants and when J.V. had no ability to leave the school independently.

57. That at times material hereto, Defendants knew that the improper and/or excessive use of restraint creates a risk of serious risk of injury to a child.

58. That at all times material hereto, the School Entities were required to ensure that the staff working at Love Grove, Spring Park and Durham were trained in the proper use of restraints.

59. Upon information and belief, and unbeknownst to J.V.'s family from whom the information was actively concealed, J.V. was repeatedly subjected to abuse, improper and/or excessive restraint, isolation and seclusion as part of a pattern and practice of the School Entities and its teachers and/or employees.

15

60.     Defendants had actual, express, or constructive knowledge and notice of the aforementioned events.

61.     J.V. was abused, unlawfully restrained and/or put in seclusion, humiliated and treated like a non-person by Defendants. Defendants' actions were the legal cause of J.V.'s physical and psychological injuries.  J.V. experienced physical injury, developed post-traumatic stress disorder, exacerbation of condition, grievous physical injury, shame, anxiety, emotional distress, fear and discrimination as a result of Defendants' actions.

62.     Each and all of the above acts, both of omission and commission, were acts of discrimination done with deliberate indifference to J.V.'s disability and/or gross misjudgment and/or negligence and/or a violation of J.V.'s rights as a disabled person under Federal and Florida law, were a proximate cause of the damages suffered by J.V.

63.     Defendants discriminated against J.V. with deliberate indifference to his disability and/or gross misjudgment in violation of the American with Disabilities Act, Title II, 42 U.S.C. §12131 et seq. and the Rehabilitation Act, 29 U.S.C. §794, and caused J.V. to suffer and continue to suffer mental and physical pain and anguish.

64.     J.V.'s rights under the Rehabilitation Act and the ADA are federal and state entitlements, and involve property and liberty interests which are abridged, withdrawn, limited, or denied without due process of law in violation of the Fourteenth Amendment of the United States Constitution, 42 U.S.C. §1983.

65.     The Defendants had a duty which arose under the United States

16

Constitution, and the laws of the United States and Florida to provide reasonable accommodations, safe, proper, and appropriate special education services and, while acting in concert and under the color of state law, breached that duty, thus violating J.V.'s rights under the Rehabilitation Act, the ADA, the Fourteenth Amendment to the U.S. Constitution and §393, Florida Statutes.

66.     J.V. has employed his undersigned attorneys and has agreed to pay them a reasonable fee for their services herein.

## COUNT I – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 706 AS AGAINST DEFENDANTS

67.     J.V. hereby reasserts by reference in this Count I the allegations of Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68.     Section 504 of the Rehabilitation Act of 1973, provides that "[n]o otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility receiving "federal financial assistance." 29 U.S.C. § 794.

69.     J.V.'s cerebral palsy and other conditions substantially limit major life activities.  Accordingly, J.V. is considered to be an individual with a disability under Section 504 of the Rehabilitation Act, as amended.  See 29 U.S.C. §706(8).  J.V. is otherwise qualified under Section 504 of the Rehabilitation Act because she meets the essential eligibility requirements for Defendants' services at all time material hereto.

17

Furthermore, Defendants are recipients of federal financial assistance.

70.     The facts set forth in full herein demonstrate that the School Entities knowingly allowed an unqualified teacher and/or staff to be responsible for J.V.; failed to investigate and respond to unexplained injuries to J.V.; failed to take action and/or intervene knowing that Ashton and/or Jones were using unlawful and egregious restraint/seclusion in the classroom and further knowing that such failures put the most vulnerable students at risk of serious harm.

71.     In addition to or in the alternative, the facts as set forth herein demonstrate that the School Entities acted with gross misjudgment as to education and provision of services to J.V.  Specifically, the School Entities knowingly allowed an unqualified teacher and/or staff to be responsible for J.V.; failed to investigate and respond to unexplained injury to J.V.; failed to take action and/or intervene knowing that Ashton and/or Jones were using unlawful and egregious restraint/seclusion in the classroom and further knowing that such failures put the most vulnerable students at risk of serious harm.

72.     The School Entities, while acting individually and in concert and under color of state law, violated J.V.'s rights arising under the Rehabilitation Act in a discriminatory manner by failing to properly plan for, coordinate, communicate, disseminate, and provide J.V. with a proper, safe, and free appropriate public education, special education, equipment, assistive technology devices and services, and all entitlements provided by the Rehabilitation Act and failing to accommodate properly and

18

safely JV.'s disabilities, thus excluding J.V. from participation in, denying J.V. the benefits of, and subjecting J.V. to discrimination under the ESE program provided by the School Entities by virtue of his disabilities.

73. The School Entities, while acting individually and in concert and under color of state law, conducted itself in a manner that was professionally unjustifiable and constituted gross misjudgment. Specifically, the School Entities violated J.V.'s rights arising under the Rehabilitation Act in a discriminatory manner by failing to properly plan for, coordinate, communicate, disseminate, and provide J.V. with a proper, safe, and free appropriate public education, special education, equipment, assistive technology devices and services, and all entitlements provided by the Rehabilitation Act and failing to accommodate properly and safely JV.'s disabilities, thus excluding J.V. from participation in, denying J.V. the benefits of, and subjecting J.V. to discrimination under the ESE program provided by the School Entities by virtue of his disabilities.

74. The School Entities policies, practices, and customs, particularly the actions and omissions described hereinabove, violated J.V.'s rights under Section 504 of the Rehabilitation Act by discriminating on the basis of his disability.

75. The School Entities also denied J.V. services they made available to non-disabled students.

76. J.V. has suffered severe physical and emotional pain and suffering and damages in the past, and continues to suffer severe physical and emotional pain and

19

suffering and damages due to the School Entities' violations of Section 504 of the Rehabilitation Act of 1973.

**WHEREFORE,** the plaintiff, J.V., a minor, by K.V., his next friend, parent, and natural guardian, respectfully requests that the Court enter an Order: (1) awarding him compensatory damages for medical costs, psychological treatment, physical and emotional pain and suffering, mental anguish, loss of capacity for enjoyment of life, and diminished or reduced capacity for enjoyment of life; (2) that a jury be empaneled to hear his cause; (3) awarding his reasonable attorneys' fees and costs; and (4) awarding any and all other relief that the Court deems just and proper.

## COUNT II – VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12131 AS AGAINST DEFENDANTS

77.    J.V. hereby reasserts by reference in this Count II the allegations of Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

78.    Title II of the Americans with Disabilities Act is known as the "Prohibition Against Discrimination and Other Generally Applicable Provisions." 42 U.S.C. §12131 et seq.

79.    J.V.'s cerebral palsy and other conditions substantially limit major life activities. Therefore J.V. is considered to be an individual with a disability under Title II of the Americans with Disabilities Act. J.V. because he meets the essential eligibility requirements for Defendants' services at all times material hereto.

20

80.    The School Entities' policies, practices, and procedures, particularly the actions and omissions described hereinabove, violated R.R.'s rights under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq., including discriminating against her on the basis of her disability.

81.    The facts set forth in full herein demonstrate that the School Entities knowingly allowed an unqualified teacher and/or staff to be responsible for J.V.; failed to investigate and respond to unexplained injury to J.V.; failed to take action and/or intervene knowing that Ashton and/or Jones were using unlawful and egregious restraint/seclusion in the classroom and further knowing that such failures put the most vulnerable students at risk of serious harm.

82.    In addition to, or in the alternative, the facts as set forth herein demonstrate that the School Entities acted with gross misjudgment as to education and provision of services to J.V.  Specifically, the School Entities knowingly allowed an unqualified teacher and/or staff to be responsible for J.V.; failed to investigate and respond to unexplained injury to J.V.; failed to take action and/or intervene knowing that Ashton and/or Jones were using unlawful and egregious restraint/seclusion in the classroom and further knowing that such failures put the most vulnerable students at risk of serious harm.

83.    The School Entities, while acting individually and in concert and under color of state law, violated J.V.'s rights arising under the Americans with Disabilities Act in a discriminatory manner by failing to properly plan for, coordinate, communicate,

BATES LAW GROUP PLLC
2064 Park Street, Jacksonville, FL 32204
http://www.fltriallawyers.com

disseminate, and provide J.V. with a proper, safe, and free appropriate public education, special education, equipment, assistive technology devices and services, and all entitlements provided by the Americans with Disabilities Act and failing to accommodate properly and safely JV.'s disabilities, thus excluding J.V. from participation in, denying J.V. the benefits of, and subjecting J.V. to discrimination under the ESE program provided by the School Entities by virtue of his disabilities.

84.     The School Entities, while acting individually and in concert and under color of state law, conducted itself in a manner that was professionally unjustifiable and constituted gross misjudgment.  Specifically, the School Entities violated J.V.'s rights arising under the Americans with Disabilities Act in a discriminatory manner by failing to properly plan for, coordinate, communicate, disseminate, and provide J.V. with a proper, safe, and free appropriate public education, special education, equipment, assistive technology devices and services, and all entitlements provided by the Americans with Disabilities Act and failing to accommodate properly and safely JV.'s disabilities, thus excluding J.V. from participation in, denying J.V. the benefits of, and subjecting J.V. to discrimination under the ESE program provided by the School Entities by virtue of his disabilities.

85.     The School Entities policies, practices, and customs, particularly the actions and omissions described hereinabove, violated J.V.'s rights under the Americans with Disabilities Act by discriminating at least in part on the basis of his disability.

BATES LAW GROUP PLLC
2064 Park Street, Jacksonville, FL 32204
http://www.fltriallawyers.com

86. The School Entities also denied J.V. services they made available to non-disabled students.

87. J.V. has suffered severe physical and emotional pain and suffering and damages in the past, and continues to suffer severe physical and emotional pain and suffering and damages due to Defendants' violations of Title II of the Americans with Disabilities Act.

**WHEREFORE,** the plaintiff, J.V., a minor, by K.V., his next friend, parent, and natural guardian, respectfully requests that the Court enter an Order against the School Entities: (1) awarding him compensatory damages for medical costs, psychological treatment, physical and emotional pain and suffering, mental anguish, loss of capacity for enjoyment of life, and diminished or reduced capacity for enjoyment of life; (2) entry of an order permanently enjoining the School Entities from further committing the acts complained of herein; (3) awarding his punitive damages; (4) that a jury be empaneled to hear his cause; (5) awarding his reasonable attorneys' fees and costs; and (6) awarding any and all other relief that the Court deems just and proper.

## COUNT III – VIOLATION OF 42 U.S.C. § 1983 AS AGAINST THE SCHOOL ENTITIES

88. J.V. hereby reasserts by reference in this Count III the allegations of paragraphs 1 through 66 of this Complaint as if fully set forth herein.

89. This is a civil rights action for money damages against the School Entities

23

pursuant to Title 42 U.S.C. §1983 for deprivation of J.V.'s constitutional civil rights and his Fourteenth Amendment due process liberty interest. As more fully described above, the School Entities had actual or constructive knowledge during J.V.'s enrollment that its employees, agents and administrators were engaged in conduct that posed a foreseeable, pervasive and unreasonable risk of constitutional injury to J.V.

90.     The Fourteenth Amendment liberty interest includes the right to be free from unnecessary and unreasonable force or intentional, reckless or deliberately indifferent or oppressive conduct that causes emotional or psychological harm.

91.     At all times material hereto, the School Entities employed a pattern, practice and custom of failing to ensure the safety and well-being of J.V. including but not limited to the ensuring that J.V. was free of unreasonable risk of injury.

92.     At all times material hereto, the School Entities failed to properly train their employees and agents on how to protect J.V. from exposure to unlawful maltreatment in violation of his civil rights as described herein. Specifically, the School Entities knowingly allowed an unqualified teacher and/or staff to be responsible for J.V.; failed to investigate and respond to unexplained injury to J.V.; failed to take action and/or intervene knowing that Ashton and/or Jones were using unlawful and egregious restraint/seclusion in the classroom and further knowing that such failures put the most vulnerable students at risk of serious harm, and failed to make reasonable accommodations for J.V.

93.     By establishing the aforementioned patterns and practices, and further

24

failing to respond to its actual or constructive knowledge regarding the misconduct set forth herein, Defendants demonstrated recklessness and deliberate indifference to R.R.'s constitutional rights, and tacit authorization of the abusive culture they had created.

94.     The School Entities' response and/or lack of response to its actual or constructive knowledge regarding the misconduct by its employees, agents and administrators demonstrated recklessness, deliberate indifference to J.V.'s constitutional rights and tacic authorization of the misconduct by its agents, staff and administrators.

95.     The School Entities' failure to act in response to its actual or constructive knowledge and affirmatively caused the injury suffered by J.V. The School Entities were deliberately indifferent to, permitted, and tolerated a historical pattern and practice of unjustified, unreasonable and inappropriate treatment of special needs children, which was atrocious as well as shocking to the conscience.

**WHEREFORE,** the plaintiff, J.V., a minor, by K.V., his next friend, parent, and natural guardian, respectfully requests that the Court enter an Order against the School Entities: (1) awarding his compensatory damages for medical costs, psychological treatment, physical and emotional pain and suffering, mental anguish, loss of capacity for enjoyment of life, and diminished or reduced capacity for enjoyment of life; (2) entry of an order permanently enjoining the School Entities from further committing the acts complained of herein; (3) awarding his punitive damages; (4) that a jury be empaneled to hear his cause; (5) awarding his reasonable attorneys' fees and costs; and (6) awarding any

25

and all other relief that the Court deems just and proper.

### COUNT IV – VIOLATION OF 42 U.S.C. § 1983 AS AGAINST CINDY ASHTON

96.    J.V. hereby reasserts by reference in this Count IV the allegations of Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

97.    This is a civil action for money damages against Ashton pursuant to Title 42 U.S.C. §1983 for deprivation of J.V.'s constitutional civil rights and his Fourteenth Amendment due process liberty interest.

98.    Ashton's physical and psychological abuse of her special needs students, including J.V. was shocking to the conscience, arbitrary, egregious and for the purpose of causing physical harm, pain, suffering and/or emotional or psychological trauma to J.V. in violation of, and with deliberate indifference to, his Fourteenth Amendment due process liberty rights protected by the U.S. Constitution.

99.    As a direct and proximate result of Ashton's misconduct, J.V. has suffered damages.

**WHEREFORE,** the plaintiff, J.V., a minor, by K.V., his next friend, parent, and natural guardian, respectfully requests that the Court enter an Order against Ashton: (1) awarding his compensatory damages for medical costs, psychological treatment, physical and emotional pain and suffering, mental anguish, loss of capacity for enjoyment of life, and diminished or reduced capacity for enjoyment of life; (2) awarding his punitive damages; (3) that a jury be empaneled to hear his cause; (4) awarding his reasonable

26

attorneys' fees and costs; and (5) awarding any and all other relief that the Court deems just and proper.

### COUNT V – VIOLATION OF 42 U.S.C. § 1983 AS AGAINST STEPHANIE JONES

100. J.V. hereby reasserts by reference in this Count V the allegations of Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

101. This is a civil action for money damages against Jones pursuant to Title 42 U.S.C. §1983 for deprivation of J.V.'s constitutional civil rights and his Fourteenth Amendment due process liberty interest.

102. Jones' physical and psychological abuse of her special needs students, including J.V. was shocking to the conscience, arbitrary, egregious and for the purpose of causing physical harm, pain, suffering and/or emotional or psychological trauma to J.V. in violation of, and with deliberate indifference to, his Fourteenth Amendment due process liberty rights protected by the U.S. Constitution.

103. As a direct and proximate result of Jones' misconduct, J.V. has suffered damages.

**WHEREFORE,** the plaintiff, J.V., a minor, by K.V., his next friend, parent, and natural guardian, respectfully requests that the Court enter an Order against Jones: (1) awarding his compensatory damages for medical costs, psychological treatment, physical and emotional pain and suffering, mental anguish, loss of capacity for enjoyment of life,

27

and diminished or reduced capacity for enjoyment of life; (2) awarding his punitive damages; (3) that a jury be empaneled to hear his cause; (4) awarding his reasonable attorneys' fees and costs; and (5) awarding any and all other relief that the Court deems just and proper.

## COUNT VI – NEGLIGENCE AS AGAINST THE SCHOOL ENTITIES

96.     J.V. hereby reasserts by reference in this Count VI the allegations of Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

97.     The School Entities were responsible for the operation and maintenance of Love Grove, Spring Park, as well as transportation services for its students and as such owed a duty to J.V. to exercise reasonable care in the operation of Love Grove, Spring Park, and transportation services, particularly with regard to the supervision and transportation of J.V. so as to protect him from unlawful abuse, restraint and seclusion.

98.     Particularly, the School Entities owed a duty to J.V. to exercise reasonable care and/or ensure safe conditions and supervision. The exercise of such duties includes but is not limited to the following:

      (a)    Supervising students on its grounds so as to protect them from abuse, improper and/or excessive restraint and seclusion;

      (b)    Training and/or supervising its teachers and employees as to the appropriate methods for the discipline, restraint, safety, and supervision of its students; and

28

BATES LAW GROUP PLLC
2064 Park Street, Jacksonville, FL 32204
http://www.fltriallawyers.com

(c)    Implementation and enforcement of adequate safety procedures to ensure that students are free from abuse, improper and/or excessive restraint, and seclusion.

99.    The School Entities breached their aforementioned duties and deviated from the applicable standards of care, by virtue of its conduct described hereinabove, particularly the School Entities failed to:

(a)    Properly supervise its students, namely J.V., so as to protect him from abuse, improper and/or excessive restraint and seclusion;

(b)    Properly train and/or supervise its teachers and employees as to the appropriate methods for the discipline, restraint, safety, and supervision of its students; and

(c)    Implement and enforce adequate safety procedures in order to ensure that students were free from abuse, improper and/or excessive restraint, and seclusion.

100.    As a direct and proximate result of the aforementioned negligent acts and/or omissions of the School Entities, J.V. has suffered bodily injury and resulting pain and suffering, post-traumatic stress disorder, disfigurement, mental anguish, loss of capacity for the enjoyment of life, aggravation of a pre-existing condition, and medical expenses.

**WHEREFORE,** the plaintiff, J.V., a minor, by K.V., his next friend, parent, and natural guardian, respectfully requests that the Court enter an Order against the School Entities: (1) awarding his compensatory damages for medical costs, psychological

29

treatment, physical and emotional pain and suffering, mental anguish, loss of capacity for

enjoyment of life, and diminished or reduced capacity for enjoyment of life; (2) awarding

his punitive damages; (3) that a jury be empaneled to hear his cause; and (4) awarding any

and all other relief that the Court deems just and proper.

## COUNT VII – NEGLIGENT HIRING, TRAINING, RETENTION AND/OR SUPERVISION AS AGAINST THE SCHOOL ENTITIES

101.    J.V. hereby reasserts by reference in this Count VII the allegations of

Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

102.    The School Entities are responsible for the hiring, training, instruction,

supervision, and discipline of its teachers, employees and/or agents, including without

limitation Ashton and Jones, who were at all times relevant acting within the scope of their

employment and/or agency.

103.    The School Entities were negligent in its hiring, training, instruction,

supervision, and discipline of Ashton and Jones.

104.    Upon information and belief, prior to August, 2012, teachers, employees

and/or agents of the School Entities had incidents wherein ESE students were subjected to

abuse, improper and/or excessive and/or improper restraint and seclusion.

105.    That prior to August, 2012, the School Entities knew or should have known

that its employees and/or agents, including but not limited to Ashton and Jones, did not

BATES LAW GROUP PLLC
2064 Park Street, Jacksonville, FL 32204
http://www.fltriallawyers.com

have adequate or appropriate training skills and/or certification to handle proper restraint procedures while working at public schools in Duval County, Florida.

106.    As a result, the School Entities were aware, or should have been aware, of these teachers' and/or employees' – including Ashton and Jones – unfitness for continuing employment with the School Entities.

107.    The School Entities owed a duty to J.V. with regard to: (a) conducting the proper investigation and due diligence before hiring the aforementioned employees and/or agents; (b) discharging the aforementioned employees and/or agents prior to August, 2012; (c) ensuring the safety of J.V. while he was enrolled at Duval County Public Schools; (d) properly training employees and/or agents in their provision of services to J.V..; (e) properly supervising employees and/or agents in their provision of services to J.V..; and (f) ensuring J.V. was not harmed, assaulted, or battered by employees and/or agents.

108.    The School Entities breached their aforementioned duties, by virtue of its conduct described hereinabove, particularly the School Entities failed to: (a) conduct the proper investigation and due diligence before hiring the aforementioned employees and/or agents; (b) discharge the aforementioned employees and/or agents prior to August, 2012; (c) ensure that J.V. was safe and secure while he was enrolled Duval County public schools; (d) properly train employees and/or agents with regard to their provision of services to J.V.; (e) properly supervise employees and/or agents in their provision of services to J.V..; (f) ensure J.V.. was not harmed, assaulted, or battered by employees; (g)

31

ensure that employees and/or agents received the proper training in use of restraints; and (h) ensure that classrooms, including J.V.'s classroom, were adequately staffed with teachers and aides that had sufficient education, training and experience to properly educate and manage a classroom of students all of whom had special needs.

109.    As a direct and proximate result of the aforementioned acts and omissions of the School Entities, J.V. has suffered bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life, aggravation of a pre-existing condition, and medical costs.

**WHEREFORE,** the plaintiff, J.V., a minor, by K.V., his next friend, parent, and natural guardian, respectfully requests that the Court enter an Order against the School Entities: (1) awarding his compensatory damages for medical costs, psychological treatment, physical and emotional pain and suffering, mental anguish, loss of capacity for enjoyment of life, and diminished or reduced capacity for enjoyment of life; (2) awarding his punitive damages; (3) that a jury be empaneled to hear his cause; and (4) awarding any and all other relief that the Court deems just and proper.

## COUNT VIII – NEGLIGENCE AS AGAINST DURHAM

110.    J.V. hereby reasserts by reference in this Count VIII the allegations of Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

32

111.   Durham was and is responsible for the transportation services for students of Duval public schools and as such owed a duty to J.V. to exercise reasonable care in transportation services, particularly with regard to the supervision and transportation of J.V. so as to protect him from unlawful abuse, restraint and seclusion.

112.   Durham was and is a common carrier and as such was required to exercise the highest degree of care as to its passengers, including J.V.

113.   Particularly, Durham, as a common carrier, owed a duty to J.V. to exercise the highest degree of care and/or ensure safe conditions and supervision during transportation to and from school.  The exercise of such duties includes but is not limited to the following:

    (a)    Supervising students on its buses so as to protect them from abuse, improper and/or excessive restraint and seclusion;

    (b)    Training and/or supervising bus drivers and/or transportation aides as to the appropriate methods for the transportation, restraint, safety, and supervision of its students; and

    (c)    Implementation and enforcement of adequate safety procedures to ensure that students are free from abuse, improper and/or excessive restraint, and seclusion during transportation.

114.   Durham breached their aforementioned duties and deviated from the applicable standards of care, by virtue of its conduct described hereinabove, particularly Durham failed to:

BATES LAW GROUP PLLC
2064 Park Street, Jacksonville, FL 32204
http://www.fltriallawyers.com

(a)   Properly supervise its bus riders, namely J.V., so as to protect him from abuse, improper and/or excessive restraint during transportation to and from school;

(b)   Properly train and/or supervise bus drivers and/or transportation aides as to the appropriate methods for the discipline, restraint, safety, and supervision of students they are transporting; and

(c)   Implement and enforce adequate safety procedures in order to ensure that students were free from abuse, improper and/or excessive restraint.

115.   As a direct and proximate result of the aforementioned negligent acts and/or omissions of Durham, J.V. has suffered bodily injury and resulting pain and suffering, post-traumatic stress disorder, disfigurement, mental anguish, loss of capacity for the enjoyment of life, aggravation of a pre-existing condition, and medical expenses.

**WHEREFORE,** the plaintiff, J.V., a minor, by K.V., his next friend, parent, and natural guardian, respectfully requests that the Court enter an Order against Durham: (1) awarding his compensatory damages for medical costs, psychological treatment, physical and emotional pain and suffering, mental anguish, loss of capacity for enjoyment of life, and diminished or reduced capacity for enjoyment of life; (2) awarding his punitive damages; (3) that a jury be empaneled to hear his cause; and (4) awarding any and all other relief that the Court deems just and proper.

## COUNT IX – VIOLATION OF RIGHTS PURSUANT TO FLA. STAT. § 393.13 AS AGAINST ALL DEFENDANTS

34

BATES LAW GROUP PLLC
2064 Park Street, Jacksonville, FL 32204
http://www.fltriallawyers.com

116.   J.V. hereby reasserts by reference in this Count IX the allegations of Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

117.   This is an action brought against Defendants pursuant to §393.13(5), <u>Florida Statutes</u>, for violation of the rights of a developmentally disabled person.

118.   At all times material hereto, J.V. was developmentally disabled by virtue of his autism.

119.   At all times material hereto, Defendants were persons as described in §393.13, Fla. Stat. and, as such, owed a duty to J.V. to recognize, comply with, protect, and take reasonable steps to ensure the rights and privileges of the developmentally disabled, including J.V., as set forth in §393.13(3), <u>Florida Statutes</u>, including but not limited to the following:

(a)  The right to dignity, privacy, and humane care, including the right to be free from abuse, including sexual abuse, neglect, and exploitation;

(b)  The right to receive services, within available sources, which protect the personal liberty of the individual and which are provided in the least restrictive conditions necessary to achieve the purpose of the treatment;

(c)  The right to participate in an appropriate program of quality education and training services, within available resources, regardless of chronological age or degree of disability; and

(d)  The right to be free from harm, including unnecessary physical, chemical or mechanical restraint, isolation, excessive medication, abuse or neglect.

35

BATES LAW GROUP PLLC
2064 Park Street, Jacksonville, FL 32204
http://www.fltriallawyers.com

120.    Defendants breached their aforementioned duties and violated the aforementioned rights of J.V., by virtue of its conduct described hereinabove, particularly Defendants failed to ensure that J.V. received a quality education free from abuse, neglect, unnecessary restraint, and/or isolation while enrolled at Duval County public schools, including but not limited to J.V.'s enrollment at Love Grove and Spring Park.

121.    Defendants failed to act in good faith and with due care to ensure that J.V.'s rights as a developmentally disabled person were not violated or infringed upon due to negligence, misfeasance, nonfeasance, or malfeasance.

122. As a direct and proximate result of the aforementioned acts and/or omissions of Defendants, J.V. has suffered bodily injury and resulting pain and suffering, post traumatic stress disorder, disfigurement, mental anguish, loss of capacity for the enjoyment of life, aggravation of a pre-existing condition, and medical expenses.

**WHEREFORE**, the plaintiff, J.V., a minor, by K.V., his next friend, parent, and natural guardian, respectfully requests that the Court enter an Order against Defendants: (1) awarding his compensatory damages for medical costs, psychological treatment, physical and emotional pain and suffering, mental anguish, loss of capacity for enjoyment of life, and diminished or reduced capacity for enjoyment of life; (2) awarding his punitive damages; (3) that a jury be empaneled to hear his cause; and (4) awarding any and all other relief that the Court deems just and proper.

Respectfully submitted this 8th day of August, 2016.

36

BATES LAW GROUP PLLC
2064 Park Street, Jacksonville, FL 32204
http://www.fltriallawyers.com

s/Aaron Carter Bates
Aaron Carter Bates
Florida Bar No. 011749
BATES LAW GROUP PLLC
2064 Park Street
Jacksonville, FL 32204
Phone: (904) 683-4027
Fax: (904) 384-0664
acbates@fltriallawyers.com

and

Melissa H. Powers, Esq.
POWERS LAW FIRM, P.A.
2627 W. Eau Gallie Blvd.
Suite 101
Melbourne, FL 32935
Phone: (321) 750-9008
melissa@legalhelpforkids.com

**Counsel for Plaintiff**

37