UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

J.V., a minor, by K.V., his next friend,
parent, and natural guardian,

    Plaintiff,

vs.
                              Case No. 3:16-cv-1009-J-34MCR

DUVAL COUNTY SCHOOL BOARD,
et al.,

    Defendants.
_____/

## ORDER AND NOTICE OF HEARING

**THIS CAUSE** is currently before the Court on the separate motions to dismiss filed by the multiple defendants in this case. The Duval County School Board, Duval County School District, Cindy Ashton, and Stephanie Jones (collectively "School Defendants") filed a Motion to Dismiss (Doc. 14, Defendants Duval County, Ashton, and Jones' Motion to Dismiss) on October 21, 2016. Similarly, Durham School Services, L.P. ("Durham") filed a Motion to Dismiss (Doc. 9, Defendant Durham School Services' Motion to Dismiss) on October 10, 2016. Both the School Defendants and Durham request that the Court dismiss the complaint of J.V., a minor, by K.V., his next friend, parent, and natural guardian, in which J.V. seeks damages, injunctive relief, a jury trial, and associated attorneys' fees, for the alleged maltreatment J.V. suffered at the hands of the defendants while a student in the Duval County Public Schools (Doc.1, Complaint). J.V. opposes the School Defendants' and Durham's separate Motions to Dismiss. See Plaintiff's Response

to Defendants' Motion to Dismiss (Doc. 24, Response to School Defendants), filed November 9, 2016; Plaintiff's Response to Durham School Services, L.P., Motion to Dismiss (Doc. 25, Response to Durham), filed November 9, 2016.

Having carefully reviewed the parties' filings, and in particular, J.V.'s Complaint, the Court determines that due to various discrepancies and inconsistencies in the Complaint, it must be stricken and the School Defendants' and Durham's attendant Motions to Dismiss denied without prejudice.

The Federal Rules of Civil Procedure (Rule(s)) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).

Similarly, Rule 10(b) provides, in pertinent part: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Thus, Rule 10(b) "require[s] that discrete claims should be plead in separate counts." See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary

2

can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., No. 09-16029, 2010 WL 5158201, at * 1 (11th Cir. Dec. 20, 2010) (unpublished opinion) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)). Moreover, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what plaintiff is claiming. See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008) (citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) and Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997)).

Finally, the Eleventh Circuit has been explicit in expressing its displeasure of "shotgun pleadings." See e.g., Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015) (noting "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight"); Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases); Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997) (deeming shotgun pleadings "altogether unacceptable"). As relevant here, a

shotgun pleading can be characterized as "being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," Weiland, 792 F.3d at 1322, n.12 (collecting cases), or where the complaint asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id., n.14 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

J.V's Complaint contains 9 individual counts against 5 different defendants as articulated in 122 separate paragraphs. So doing, J.V. takes a somewhat "kitchen sink" approach to setting out the factual allegations in his Complaint, along with making broad and conclusory legal statements regarding those allegations in the substantive counts. This pleading style has undermined the Court's ability to address the sufficiency of the Complaint as relevant to determining the merits of the defendants' Motions to Dismiss. Additionally, J.V. is inconsistent in how he names and identifies the various defendants.

As a result, the Court is unable to determine which claims are being specifically alleged against which defendants, and which facts relate to which defendants. Finally, the Court has observed factual pleading discrepancies that raise some concern.

In light of these issues, the Court is of the view that the best course of action is to strike the Complaint, schedule a hearing to discuss the pleading deficiencies with counsel, and allow J.V. an opportunity to file an amended complaint.

Accordingly, it is **ORDERED**:

1. Plaintiff J.V.'s Complaint (Doc. 1) is **STRICKEN**;

2. Defendants Duval County, Ashton, and Jones' Motion to Dismiss (Doc. 14) is **DENIED without prejudice**;

3. Defendant Durham School Services' Motion to Dismiss (Doc. 9) is **DENIED without prejudice**; and

4. This matter is set for a hearing at **10:30 a.m., on Thursday, October 5, 2017**, before the Honorable Marcia Morales Howard, United States District Judge, at the United States Courthouse, 300 N. Hogan Street, Courtroom No. 10B, Tenth Floor, Jacksonville, Florida.[1]

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of September, 2017.

MARCIA MORALES HOWARD
United States District Judge

---

[1] All persons entering the courthouse must present photo identifications to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices generally are not permitted in the building, attorneys may bring those items with them upon presentation to Court Security Officers of a Florida Bar card (presentation of the Duval County Courthouse Lawyer identification card will suffice) or Order of Special admission pro hac vice. However, all cell phones must be turned off while in the courtroom.

lc26
Copies to:

Counsel of Record
Pro Se Parties