# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

J.V., a minor, by K.V., his next friend,
parent, and natural guardian,

    Plaintiff,

v.                                        Case No. 3:16-cv-1009-J-34MCR

DUVAL COUNTY SCHOOL BOARD,
et al.,

    Defendants.

## **O R D E R**

**THIS CAUSE** is before the Court on the Amended Motion to Approve Settlement (Doc. 71; Motion), filed under seal, with leave of Court, on March 26, 2018. See Order (Doc. 70), entered March 12, 2018. In the Motion, the minor Plaintiff J.V., by his next friend, parent, and natural guardian, K.V., seeks this Court's approval, pursuant to Florida Statutes § 744.387, of the settlement of the claims brought in the above-styled cause. See Motion at 1. Plaintiff also seeks this Court's "authorization to execute a Release of All Claims and to distribute funds . . . ." Id. Plaintiff represents to the Court that Defendants have no objection to the relief requested. See Motion at 3.

Section 744.387 of the Florida Statutes requires a guardian to seek approval from the Court "[w]hen a settlement of any claim by or against the guardian, whether arising as a result of personal injury or otherwise . . . is proposed." Fla. Stat. § 744.387(1); see also id. § 744.387(3)(a). Pursuant to this provision, the Court may authorize the settlement "if satisfied that the settlement will be for the best interest of the ward." Id. § 744.387(1).

Florida Probate Rule 5.636(b) provides that a petition to approve a settlement of a minor's claim must include the initials, residence address, and year of birth of the minor; the name and residence address of the natural guardians or other persons having legal custody of the minor; as well as the name and address of any guardian appointed for the minor. See Fla. Probate R. 5.636(b)(1)-(3). This Florida Probate Rule further requires a petitioner to submit: a description of the cause of action, a summary of the proposed settlement, copies of the agreements and releases, and a statement disclosing any interests of the guardians that conflict with those of the minor. See Fla. Probate R. 5.636(b)(4)-(7). Accordingly, in support of the Motion, Plaintiff filed under seal the proposed Settlement Agreement and Release (Doc. 71-1) encompassing the terms of the settlement with Defendants Duval County School Board, Cindy Ashton, and Stephanie Jones, and the Release of All Claims (Doc. 71-2), setting forth the terms of the settlement with Defendant Durham School Services, L.P. (collectively, the Settlement Agreements). Plaintiff has also submitted to the undersigned's chambers a Closing Statement which sets forth the intended disbursement of the funds.

Upon review of Plaintiff's submissions, the Court finds that Plaintiff has complied with Florida Probate Rule 5.636(b). In addition, the Court notes that Attorney Deborah Gallagher Warner was previously appointed as a guardian ad litem for J.V. in this proceeding. See Order (Doc. 48), entered August 16, 2017. Plaintiff asserts that the guardian ad litem has reviewed the Closing Statement and believes "the settlement and proposed distribution of settlement funds is reasonable and in the best interest of J.V."

See Motion at 2-3.[1]  The Court has reviewed the Motion, Settlement Agreements, and record in this case, and upon due consideration, agrees with the assessment of the guardian ad litem and finds that the terms of the settlement are fair, reasonable, and in the best interest of J.V.  Accordingly, the Court will approve the settlement and grant the Motion in its entirety.  In light of the foregoing, it is

**ORDERED:**

1. Plaintiff's Amended Motion to Approve Settlement (Doc. 71) is **GRANTED**.
2. For purposes of satisfying section 744.387 of the Florida Statutes, the Settlement Agreement and Release (Doc. 71-1), the Release of All Claims (Doc. 71-2), and the proposed Closing Statement are **APPROVED**.
3. Counsel for Plaintiff is authorized to receive and accept the settlement funds and disburse the same in accordance with the Closing Statement.
4. K.V., the minor's natural guardian, is authorized to:
   a. Accept the compromise of the subject claims from Defendants in accordance with the Settlement Agreements, and
   b. Execute a Release of All Claims as to Defendants relating to the claims asserted against them in this action.
5. The parties shall have up to and including **April 27, 2018**, to file a joint stipulation of dismissal or other appropriate documents to close out this file.

---

[1] In the Motion, Plaintiff states that attorney Deborah Gallagher Warner has served as guardian ad litem in this case pro bono and is not seeking any fees for her service in this action.  See Motion at 2-3.  The Court extends its gratitude to Ms. Warner for her dedicated service.

6. If the parties have not filed the appropriate dismissal documents or a request for additional time by the **April 27, 2018**, deadline, this case will automatically be deemed to be dismissed without prejudice.

   **DONE AND ORDERED** in Jacksonville, Florida this 27th day of March, 2018.

                                      */s/ Marcia Morales Howard*
                                      MARCIA MORALES HOWARD
                                      United States District Judge

lc11
Copies to:

Counsel of Record